# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ERICA NORMAN, individually and on behalf of all others similarly situated, | ) ) ) Case No. 1:23-cv-04015 |
| Plaintiff, | ) ) |
| v. | ) Removed From: ) Circuit Court of Cook County, Illinois |
| SERVALL BIOMETRICS D/B/A PATRONSCAN, INC. | ) County Department, Chancery Division ) Case No. 2023CH02874 |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant Servall Biometrics d/b/a Patronscan, Inc. ("Patronscan") hereby submits this Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b), and pursuant to 28 U.S.C. §§ 1441(a), 1446(a)-(b)(1). In support of its Notice of Removal, Patronscan states as follows.

**I.     BACKGROUND**

1. On March 24, 2023, Plaintiff Erica Norman ("Norman") filed a Class Action Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The Complaint asserts four claims against Patronscan on behalf of Norman and a putative class: (1) violation of Section 15(a) of Illinois's Biometric Information Privacy Act ("BIPA"); (2) violation of Section 15(b) of BIPA; (3) violation of Section 15(c) of BIPA; and (4) violation of Section 15(d) of BIPA. (*See generally* Ex. 1, Compl.)

2. Patronscan now removes this action under CAFA because, as discussed below, this class action meets CAFA's jurisdictional prerequisites of diversity of citizenship, class size, and amount-in controversy. As also discussed below, Patronscan satisfies all procedural requirements for removal.

## II. CAFA'S REQUIREMENTS ARE SATISFIED.

3. CAFA permits removal of state court class actions to federal court if: (1) "any member of a class of plaintiffs is a citizen of a State and any defendant is . . . a citizen or subject of a foreign state;" (2) the class has at least 100 putative members; and (3) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (5)(B), (6), 1441(a), 1446(a)-(b)(1), 1453(b).

4. The removing party is not "required to submit evidence to support its notice of removal." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). Rather, the removing party only needs to "plausibl[y] alleg[e]" CAFA's jurisdictional elements.[1] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### A. This is a Class Action.

5. Because Patronscan brings this action under 735 ILCS 5/2-801, Illinois's class action statute, it is a "class action" within the meaning of CAFA. (Ex. 1, Compl. ¶ 45). *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action").

### B. There is Minimal Diversity.

6. CAFA's diversity requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

7. For purposes of CAFA, "a corporation shall be deemed to be a citizen of every

---

[1] Although *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) arose in the context of CAFA's $5 million amount-in-controversy requirement, the Seventh Circuit expressly held that *Dart Cherokee*'s requirement that the removing party only plausibly allege, rather than provide evidence to support, applies to all CAFA jurisdictional elements. *See Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018).

State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

8. "An allegation of citizenship proper in form and not contested establishes a party's citizenship for purposes of diversity jurisdiction." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986), *holding modified by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

9. Norman alleges that she is a "citizen of the State of Illinois," and that thousands of other Illinois citizens are part of the putative class. (Ex. 1, Compl. ¶¶ 17, 26).

10. She further correctly alleges that Patronscan is incorporated and has its principal place of business at "10504 42 St. SE. Calgary, Alberta, Canada" (Ex. 1, Compl. ¶ 18), making Patronscan a Canadian citizen. *See* 28 U.S.C. § 1332(c).

11. Thus, CAFA's diversity of citizenship requirement is met. *See* 28 U.S.C. § 1332(d)(2)(C).

        B.      **The Numerosity Requirement Is Met.**

12. CAFA requires 100 members in the putative class. *See* 18 U.S.C. § 1332(d)(5)(B).

13. In her Complaint, Norman alleges that "Patronscan collects the information of thousands of . . . Illinois citizens" in violation of BIPA—making the putative class well over 100 individuals. (Ex. 1, Compl. ¶ 26). In her Class Certification Motion, Norman confirms that she "seeks to certify a class consisting of thousands of individuals ..." (Ex. 2, Mot. for Class Certification (without exhibits) at 2). This is enough to satisfy CAFA's numerosity requirement. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581-82 (7th Cir. 2017) ("[Defendant] may rely on the estimate of the class number set forth in the complaint. . . . [Defendant] should be able to take counsel at his word.").

C. **The Aggregate Amount in Controversy Exceeds $5,000,000.**

14. CAFA's amount-in-controversy threshold is "$5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84. Moreover, as discussed above, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Indeed, a defendant can establish the amount-in-controversy through, among other things, discovery responses, "admissions in state court," or "by reference to the plaintiff's informal estimates or settlement demands." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). Additionally, a defendant can determine the amount-in-controversy "by calculation from the complaint's allegations." *Id.* at 541.

15. Here, Norman states in the Summons that the amount in controversy is $100 million. (Ex. 3, Summons). This "admission[ ] in state court" is sufficient to establish CAFA's $5 million amount-in-controversy requirement. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d at 541.

16. Simple arithmetic confirms the amount-in-controversy exceeds $5 million. Norman alleges a class consisting of "thousands" of people. (Ex. 1, Compl. ¶ 26; Ex. 2, Mot. for Class Certification(without exhibits) at 2). For each of her four BIPA claims, Norman seeks, among other things, "the greater of actual damages or statutory damages of $5,000 per intentional or reckless violation of BIPA, and the greater of actual damages or statutory damages of $1,000 for negligent violation of BIPA. (Ex. 1, Compl. ¶ 80(c); *see also* Compl. ¶¶ 62(b)-(c), 69(b)-(c), 74(b)-(c), 79(b)-(c)). If, as Norman alleges, the putative class has at least 1,000 members, then each of her four BIPA claims independently satisfies CAFA's $5,000,000

amount-in-controversy requirement (multiplying $5,000 per violation by 1,000 class members). *See Bryant v. Compass Grp. USA*, Inc., 958 F.3d 617, 620 (7th Cir. 2020) ("The requisite amount in controversy is also secure: claims of individual class members are aggregated for purposes of CAFA, and here, BIPA authorizes statutory damages of $5,000 for each intentional or reckless violation. [Defendant] asserts, and [plaintiff] does not contest, that the alleged class has at least 1,000 members."); *McGoveran v. Amazon Web Servs., Inc.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020) ("CAFA's amount in controversy requirement is satisfied. At a minimum, Plaintiffs allege statutory damages of $1,000 for each negligent violation of BIPA . . . . Plaintiffs then allege at least five separate BIPA violations . . . and have asserted there are thousands of class members. Even assuming a class size of only 1,000, the Complaint alleges damages of at least $5,000,000. And when considering attorneys' fees and potential statutory damages of $5,000 for each intentional and reckless violation of BIPA, the amount in controversy well exceeds the required threshold."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (calculating damages based on the maximum statutory damage per violation under the Telephone Consumer Protection Act even though "[a] judge may well award less" than the maximum).

17. Norman's claims for injunctive relief and statutory attorneys' fees (Compl. ¶ 62) are also part of the amount in controversy and increase it even further above CAFA's $5 million threshold. *See McGoveran,* 488 F. Supp. 3d at 718.

### III. PATRONSCAN HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

18. Norman claims she served Patronscan with the Complaint on May 24, 2023. (Ex. 4, Affidavit of Special Process Server). Accordingly, this Notice of Removal is timely because it is filed within thirty days of purported service of the Complaint on June 23, 2023. *See* 28 U.S.C. §§ 1446(b); *Williamson v. City of Chi.*, No. 90 C 4255, 1990 WL 115559, at *1 (N.D. Ill. Aug. 9,

1990) (removal on thirtieth day after service is timely).

19. Venue is proper in this Court because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located in the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 93(a)(1) (Cook County is in the Northern District of Illinois, Eastern Division).

20. Pursuant to 28 U.S.C. section 1446(a), together with this Notice of Removal, Patronscan is filing, as Exhibit 5, "a copy of all process, pleadings, and orders," including the Complaint, filed in the state court, even though all these documents have not all been served on Patronscan.

21. Pursuant to 28 U.S.C. § 1446(d), Patronscan is serving a copy of this Notice of Removal on Norman's counsel and filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

## IV. CONCLUSION

22. For these reasons, Patronscan removes this civil action to the United States District Court for the Northern District of Illinois, Eastern Division.

23. Patronscan reserves the right to amend and/or supplement this notice of removal.

Dated: June 23, 2023                                Respectfully submitted,

By:     */s/ Nick Kahlon*

Nick Kahlon

-7-

>Ambria D. Mahomes
>RILEY SAFER HOLMES & CANCILA LLP
>Three First National Plaza
>70 W. Madison St., Suite 2900
>Chicago, IL  60602
>Tel:     312-471-8700
>Fax:    312-471-8701
>nkahlon@rshc-law.com
>amahomes@rshc-law.com
>*Attorneys for Defendant Servall Biometrics d/b/a Patronscan, Inc.*